IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| OMAR SALAH, | ) |
| --- | --- |
|  | ) Case No. 4:15-cv-00236-JAJ-HCA |
| Plaintiff | ) |
|  | ) |
| v. | ) **DEFENDANTS' ANSWER AND** |
|  | ) **AFFIRMATIVE DEFENSES TO** |
| DIAMOND CRYSTAL BRANDS and | ) **COUNT I OF PLAINTIFF'S PETITION** |
| CLIFF HUFF, | ) |
|  | ) |
| Defendants. | ) |

COME NOW Defendants Diamond Crystal Brands ("Diamond Crystal") and Cliff Huff ("Huff") (collectively, "Defendants") and answer Count I[1] of Plaintiff Omar Salah's ("Plaintiff") Petition as follows:

## PRELIMINARY STATEMENT

1. The allegations in Paragraph 1 are statements of Plaintiff's opinion and/or call for legal conclusions and therefore no response is required. To the extent a response is required, Defendants admit that this is a civil action in which Plaintiff seeks to recover damages but deny that his alleged damages, if any, were the result of the wrongful termination of his employment or that Defendants wrongfully terminated his employment in violation of the public policy of the State of Iowa.

---

[1] On August 3, 2015, Defendants filed their Motion to Dismiss Count II of Plaintiff's Petition (Doc. 3). On the same date, Defendants moved for an extension of time to answer and otherwise respond to Count I of Plaintiff's Petition (Doc. 4). This Court denied Defendants' motion for extension of time in part, directing that Defendants should file their present answer to Count I, noting that they had filed a pending motion to dismiss as to Count II (Doc. 5). Consistent with the Court's direction, Defendants have filed their present Answer and Affirmative Defenses to Count I of Plaintiff's Petition.

- 1 -

## JURISDICTION

2. The allegations in Paragraph 2 are statements of Plaintiff's opinion and/or call for legal conclusions and therefore no response is required. To the extent a response is required, Paragraph 2 is denied.

## PARTIES

3. Paragraph 3 is admitted as to Plaintiff being Defendant Diamond Crystal's employee in the past, but denied for lack of information sufficient to form a belief as to all other allegations.

4. Paragraph 4 is admitted.

5. Paragraph 5 is denied.

## BACKGROUND FACTS

5. Paragraph 5 (sic)[2] is denied for lack of information sufficient to form a belief.

6. Paragraph 6 is denied for lack of information sufficient to form a belief.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied for lack of information sufficient to form a belief.

9. Paragraph 9 is denied for lack of information sufficient to form a belief.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

---

[2] Plaintiff's Petition contains two paragraphs numbered "5." Defendants have maintained the same numbering format for consistency and comparison.

## COUNT I
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY
## (WORKERS' COMPENSATION)

13. Defendants incorporate by reference their answers to paragraphs 1 through 12 of Plaintiff's Petition.

14. The allegations in Paragraph 14 are statements of Plaintiff's opinion and/or call for legal conclusions and therefore no response is required. To the extent a response is required, Paragraph 14 are denied as a partial and incomplete statement of Iowa law.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

## COUNT II
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY
## (FAMILY MEDICAL LEAVE)

Defendants filed their pending Motion to Dismiss Count II of Plaintiff's Petition (Doc. 3). Accordingly, no answer or other response to Count II is required at this time. Please see also footnote 1 to this Answer.

## INJURIES AND DAMAGES

17. Paragraph 21 is denied.

18. Paragraph 22 is denied.

19. Paragraph 23 is denied.

## GENERAL DENIAL

Any allegations in Plaintiff's Petition not specifically admitted herein are denied. Defendants further deny that Plaintiff is entitled to any of the relief requested in his Prayer for Relief and denies all allegations set forth therein.

WHEREFORE, Defendants Diamond Crystal Brands and Cliff Huff pray as follows:

(a) That Plaintiff's Petition be dismissed, with Plaintiff taking nothing thereby;

(b) For Defendants' costs incurred herein; and

(c) For such other and equitable relief as the Court deems just and proper.

## ADDITIONAL DEFENSES

Defendants hereby assert the following additional or affirmative defenses, reserving the right to amend this Answer to assert any and all other defenses that may become apparent or available during the course of these proceedings. Defendants do not waive, merely by asserting any of the following defenses, arguments or claims that it is Plaintiff that bears the burden of proof on the applicability, existence, or proof of any of the enumerated defenses. In other words, by asserting any such defenses, Defendants do not assume a burden of proof they would not otherwise bear:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to his failure to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Any and all employment actions allegedly taken with respect to the Plaintiff were based upon legitimate, nondiscriminatory, and bona fide occupational reasons unrelated to Plaintiff's alleged injury, Plaintiff's claim for worker's compensation benefits, or any other protected activity.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Defendants did or omitted to do any act alleged in Plaintiff's Petition,

Plaintiff authorized, consented to, and/or ratified said act or omission.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' actions were undertaken in good faith in an effort to comply with applicable law and legitimate business purposes, based on all relevant facts and circumstances known by it at the time it so acted, and are thereby privileged and justified in all respects.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent, avoid, and/or correct any harmful, wrongful, or unlawful conduct toward Plaintiff, the existence of which is expressly denied.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants expressly deny any discrimination or unlawful motives in its dealings with Plaintiff. However, Defendants further allege that, even if an unlawful motive were found to exist, the challenged decisions concerning Plaintiff still would have been made in the absence of an unlawful motive.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims of damages are speculative and not recoverable.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by his failure to take reasonable actions, including, without limitation, his failure to reasonably mitigate his alleged damages, his entitlement to which is expressly denied.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by various equitable doctrines, including without limitation, the doctrines of estoppel, laches, unclean hands, and/or waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Any damage, loss, or injury to Plaintiff, the existence of which is specifically denied, was caused by Plaintiff by his or her own conduct or failure to act and/or by some other cause or event, not by any action or omission of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an offset for any monies received by Plaintiff from any source in compensation for alleged economic damages and non-economic damages, the existence of which is specifically denied, because Plaintiff is not entitled to a double recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of one or more other applicable statutes.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a cause of action against Defendants upon which either punitive or exemplary damages or attorneys' fees can be awarded.

WHEREFORE, Defendants Diamond Crystal Brands and Cliff Huff pray as follows:

(a) That Plaintiff's Petition be dismissed, with Plaintiff taking nothing thereby;

(b) For Defendants' costs incurred herein; and

(c) For such other and equitable relief as the Court deems just and proper.

Date: August 13, 2015

/s/ William J. Miller
William J. Miller, AT0005414
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa  50309
Tel: (515) 283-1000
Fax: (515) 283-1060
Email:  miller.william@dorsey.com
**ATTORNEYS FOR DEFENDANTS**

Original filed.

Copy to:

Nathaniel R. Boulton
Hedberg & Boulton, P.C.
100 Court Avenue, Suite 425
Des Moines, IA 50309
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 13, 2015, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

**By: Electronic Service and/or**
| U.S. Mail | FAX |
| Hand Delivered | Overnight Courier |
| E-mail | Other |

/s/ William J. Miller